# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____X

**Anastasia Taslis,**
                    **Plaintiff,**

**v.**                                                      **CIVIL ACTION NO. 23-CV-10506-PBS**

**U.S. Bank NA, successor trustee to**
**Bank of America, NA, successor in**
**interest to LaSalle Bank NA, as**
**trustee, on behalf of the holders of**
**the WaMu Mortgage Pass-Through**
**Certificates, Series 2007-OA2,**
                    **Defendant.**
_____X

## ANSWER

NOW COMES the Defendant, U.S. Bank, NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA2 ("U.S. Bank"), by and through its counsel, Doonan Graves and Longoria LLC, and hereby respond to the Plaintiff's Complaint as follows:

Except as expressly admitted or denied herein below, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

The unnumbered introductory paragraph represents the Plaintiff's statement as to the nature of the case to which no response is required. To the extent that the unnumbered introductory paragraph alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

## MOTION FOR INJUNCTIVE RELIEF

The unnumbered paragraph titled "Motion for Injunctive Relief" represents a request for relief, which incorporates statements or conclusions of law to which no response is required. To the extent that the unnumbered paragraph titled "Motion for Injunctive Relief alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied. The Plaintiff's request fails to comply with the requirements of Fed. R. Civ. P. 65 and L.R. 7.1(b) and the Plaintiff has not filed a separate Motion with an accompanying Memorandum of Law and Affidavit, however, to the extent the Plaintiff is permitted to incorporate her Motion for Injunctive Relief into the Complaint, U.S. Bank hereby opposes any such relief and reserves its right to submit a written opposition addressing the merits of the request.

## PARTIES

1.      Upon information and belief, admitted.

2.      Denied. U.S. Bank is a national association organized and existing under the laws of the United States of America with its principal place of business located 425 Walnut Street, Cincinnati, OH 45202. Admitted, that U.S. Bank is acting as Trustee for the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA2.

## JURISDICTION AND VENUE

3.      Paragraph 3 represents a statement or conclusion of law to which no response is required.

4.      Paragraph 4 represents a statement or conclusion of law to which no response is required.

## FACTUAL BACKGROUND

5.      Admitted that the Plaintiff is the record owner of the property located at 241 East Street, Lexington, MA (the "Property"). U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 5.

6.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6. To the extent that Paragraph 6 alleges any wrongdoing by U.S. Bank, it is denied.

7.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7. To the extent that Paragraph 7 alleges any wrongdoing by U.S. Bank, it is denied.

8.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8. To the extent that Paragraph 8 alleges any wrongdoing by U.S. Bank, it is denied.

9.    Admitted, that the Plaintiff gave a mortgage on the Property to Washington Mutual Bank, FA ("WAMU"), dated January 16, 2007 and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 48872, Page 207 ("Taslis Mortgage"). Admitted that, on January 16, 2007, the Plaintiff executed a Promissory Note in the amount of $1,000,000.00 ("Taslis Note"). U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in Paragraph 9.

10.   Paragraph 10 refers to the Taslis Note and Mortgage, which are written documents that speak for themselves and, as such, no response is required. To the extent that Paragraph 10 attempts to summarize or mischaracterize the contents of the documents referenced therein, it is denied.

   a.  Paragraph 10(a) refers to the Taslis Note and the Settlement Statement from the closing of the Loan, which are written documents that speak for themselves and, as such, no response is required. To the extent that Paragraph 10(a) attempts to

summarize or mischaracterize the contents of the documents referenced therein, it is denied. Denied, that the Taslis Note includes terms that are false and/or deceptive. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10(a) relating to the Plaintiff's calculation of the per diem interest owed under the terms of the Taslis Note at origination.

b.  Paragraph 10(b) refers to the terms of the Taslis Note, which is a written document that speaks for itself and, as such, no response is required. To the extent that Paragraph 10(b) attempts to summarize or mischaracterize the contents of the Taslis Note, it is denied. To the extent that Paragraph 10(b) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

c.  U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10(c) relating to the Plaintiff's alleged loss of equity in the Property. To the extent that Paragraph 10(c) refers to the terms of the Taslis Note, said document speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied.

d.  Paragraph 10(d) appears to represent a hypothetical circumstance to which no response is required. To the extent that Paragraph 10(d) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied. To the extent that Paragraph 10(d) refers to the terms of the Taslis Note, said document speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied.

e.  To the extent that Paragraph 10(e) represents a hypothetical circumstance, no

response is required. To the extent that Paragraph 10(e) refers to the terms of the Taslis Note, said document speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied. Denied, that the terms of the Taslis Mortgage Loan are complex, confusing and/or predatory.

f.   Paragraph 10(f) refers to the terms of the Taslis Note, which speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied. Denied, that the terms of the Taslis Note are unusual and deceptive.

g.   Paragraph 10(g) refers to the terms of the Taslis Note, which speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied.

h.   Paragraph 10(h) refers to the terms of the Taslis Note, which speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied. Denied, that the Taslis Mortgage Loan was doomed to fail from at origination.

i.   Paragraph 10(i) refers to the terms of the Taslis Note, which speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied. Denied, that the Taslis Mortgage Loan is predatory.

j.   Paragraph 10(j) refers to the terms of the Taslis Note, which speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied.

11.     Denied.

12.     To the extent that Paragraph 12 represents a statement or conclusion of law, no response is required. Denied, as to the balance of the allegations set forth in Paragraph 12.

13.     To the extent that Paragraph 13 represents a statement or conclusion of law, no response is required. Denied, as to the balance of the allegations set forth in Paragraph 13.

14.     To the extent that Paragraph 14 represents a statement or conclusion of law, no response is required. Denied, as to the balance of the allegations set forth in Paragraph 14.

15.     Paragraph 15 represents a transitional paragraph that does not include any specific allegations and, as a result, no response is required. To the extent that Paragraph 15 refers to the terms of the Taslis Note, said document speaks for itself, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied.

   a.   Admitted, that the principal balanced owed under the terms of the Taslis Mortgage Loan as of March of 2008 was $1,034.388.99. To the extent that the allegations set forth in Paragraph 15(a) refers to the terms of the Taslis Note, which speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Taslis Note is denied.

   b.   Admitted, that the Plaintiff sought a modification of the Taslis Mortgage Loan. Denied, as to the balance of the allegations set forth in Paragraph 15(b).

   c.   Admitted, that WAMU was placed into receivership with the Federal Deposit Insurance Corporation ("FDIC") on September 25, 2008. U.S. Bank lacks knowledge or information sufficient to form a belief as to the balance of the allegations set forth in Paragraph 15(c). To the extent that the balance of the allegations set forth in

Paragraph 15(c) allege any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

d. Denied.

e. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15(e). To the extent that the balance of the allegations set forth in Paragraph 15(e) allege any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

f. Admitted, that Chase offered the Plaintiff a Trial Period Plan ("TPP") in May of 2011. To the extent that the balance of the allegations set forth in Paragraph 15(f) refer to the terms of the TPP, said document speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the TPP is denied.

g. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15(g) with respect to alleged legal actions brought against Chase. Denied as to the balance of the allegations set forth in Paragraph 15(g).

h. Admitted, that the Plaintiff was offered and accepted a Loan Modification. Denied, as to the balance of the allegations set forth in Paragraph 15(h).

i. Paragraph 15(i) refers to the terms of the Taslis Note and a written Trial Period Plan ("TPP"), which speaks for themselves and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the TPP is denied.

16. Denied.

a. Paragraph 16(a) refers to the terms of the Loan Modification, which is a written

document that speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Loan Modification is denied. To the extent that Paragraph 16(a) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

b.  Paragraph 16(b) refers to the terms of the Loan Modification, which is a written document that speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Loan Modification is denied. To the extent that Paragraph 16(b) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

c.  Paragraph 16(c) refers to the terms of the Loan Modification, which is a written document that speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Loan Modification is denied. To the extent that Paragraph 16(c) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

d.  Paragraph 16(d) refers to the terms of the Loan Modification and the Taslis Note, which are written documents that speak for themselves and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Loan Modification or the Taslis Note is denied. To the extent that Paragraph 16(d) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

e.  Paragraph 16(e) refers to the terms of the Loan Modification, which is a written document that speaks for itself and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Loan Modification is denied. To the extent that Paragraph 16(e) alleges any wrongdoing by U.S. Bank or its predecessors-

in-interest, it is denied.

    f.    Paragraph 16(f) refers to the terms of the Loan Modification and the Taslis Note, which are written documents that speak for themselves and, as such, no response is required. Any attempt to summarize or mischaracterize the contents of the Loan Modification or the Taslis Note is denied. To the extent that Paragraph 16(f) alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Admitted, that U.S. Bank scheduled a foreclosure sale of the Property that was previously scheduled to occur on March 22, 2023; however, the foreclosure sale was postponed to May 25, 2023, upon U.S. Bank's receipt of the complaint.

<u>**Count I**</u>
**Violation of G.L. c. 183C – Predatory Home Loan Practices ("PHLPA")**

21.    U.S. Bank repeats and re-alleges Paragraphs 1 through 20 as if fully set forth herein.

22.    Paragraph 22 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 22 alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

23.    Denied.

24.    Denied, that the Taslis Mortgage Loan includes terms that are unconscionable. The balance of the allegations set forth in Paragraph 24 represent a statement or conclusion of law to which no response is required.

25.    Paragraph 25 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 25 alleges any wrongdoing by U.S. Bank or its

Anastasia Taslis v. U.S. Bank N.A., as Trustee.
241 East Street, Lexington, MA 02420
DG&L File No. 56215         9

predecessors-in-interest, it is denied.

26.    Paragraph 26 does not include any specific allegations and, as such, no response is required.

    a.    Paragraph 26(a) represents a statement or conclusion of law to which no response is required.

    b.    Paragraph 26(b) represents a statement or conclusion of law to which no response is required.

    c.    Paragraph 26(c) represents a statement or conclusion of law to which no response is required.

27.    Denied.

## Count II
## Violation of G.L. c. 93A

28.    U.S. Bank repeats and re-alleges Paragraphs 1 through 27 as if fully set forth herein.

29.    Paragraph 29 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 29 alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

30.    Paragraph 30 represents a statement or conclusion of law to which no response is required. To the extent that Paragraph 30 alleges any wrongdoing by U.S. Bank or its predecessors-in-interest, it is denied.

31.    To the extent that Paragraph 31 represents a statement or conclusion of law, no response is required. U.S. Bank denies the balance of the allegations set forth in Paragraph 31.

32.    Denied.

33.    Denied.

    i.    Denied.

     ii.     Denied.

     iii.     Denied.

     iv.     Denied.

     v.     Denied.

     vi.     Denied.

     vii.     Denied.

     viii.     Denied.

     ix.     Denied.

34.     Denied.

## Count III
## Declaratory Judgment

35.     U.S. Bank repeats and re-alleges Paragraphs 1 through 34 as if fully set forth herein.

36.     To the extent that Paragraph 36 represents a statement or conclusion of law, no response is required. Denied, as to the balance of the allegations set forth in Paragraph 36.

37.     Denied.

38.     To the extent that Paragraph 38 represents a statement or conclusion of law, no response is required. Denied, as to the balance of the allegations set forth in Paragraph 38.

39.     Denied.

## Count IV
## Violation of G.L. c. 244 § 35B

40.     U.S. Bank repeats and re-alleges Paragraphs 1 through 39 as if fully set forth herein.

41.     Paragraph 41 represents a statement or conclusion of law to which no response is required.

42.     Paragraph 42 represents a statement or conclusion of law to which no response is

Anastasia Taslis v. U.S. Bank N.A., as Trustee.
241 East Street, Lexington, MA 02420
DG&L File No. 56215     11

required.

43.     Paragraph 43 represents a statement or conclusion of law to which no response is

required.

44.     Denied.

**<u>Count V</u>**
**Breach of Contract**

45.     U.S. Bank repeats and re-alleges Paragraphs 1 through 44 as if fully set forth herein.

46.     Denied.

47.     Denied.

**<u>Count VI</u>**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

48.     U.S. Bank repeats and re-alleges Paragraphs 1 through 47 as if fully set forth herein.

49.     Denied.

50.     Denied.

**<u>Count VII</u>**
**Unconscionable Contract**

51.     U.S. Bank repeats and re-alleges Paragraphs 1 through 50 as if fully set forth herein.

52.     Denied.

53.     Denied.

**<u>Count VIII</u>**
**Intentional Infliction of Emotional Distress**

54.     U.S. Bank repeats and re-alleges Paragraphs 1 through 53 as if fully set forth herein.

55.     Denied.

56.     Denied.

57.     Denied.

---

## AFFIRMATIVE DEFENSES

1.    The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    The Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, release, acquiescence and ratification.

3.    The Plaintiff's claims are barred in whole or in part due to a lack of standing.

4.    The Plaintiff's claims are barred by the doctrine of unclean hands.

5.    The Plaintiff's claims are barred by the doctrine of laches.

6.    The Plaintiff's claims are barred by their own bad faith.

7.    The Plaintiff's claims are estopped by their own conduct from asserting any claim for relief against the Defendants.

8.    The Plaintiff has by its actions waived the claims made in its Complaint.

9.    The Defendants have not caused the Plaintiff to suffer any actual damages.

10.    The Plaintiff has failed to mitigate its damages.

11.    The Plaintiff is in breach of the terms and conditions of the subject Notes and Mortgages and, therefore, is barred from recovery.

12.    The Plaintiff's claims must be dismissed based upon the doctrine of accord and satisfaction.

13.    The Plaintiff's claims are barred by the doctrine of unjust enrichment.

14.    The Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata* and collateral estoppel.

15.    If the Defendant's security interest is voided, the Plaintiff would be required to tender an amount equal to the direct benefit received from the Defendant's loan.

14.    The Plaintiff is barred from obtaining the relief requested as the loss and/or damage

alleged by the Plaintiff was caused by the Plaintiff.

15.     The Plaintiff's claims are not advanced in good faith.

16.     The Plaintiff's claims barred from obtaining relief due to the assumption of risk.

17.     The Plaintiff is barred from obtaining relief due to the statute of limitations.

18.     The Plaintiff's claims are barred under the statute of frauds.

19.     The Plaintiff's claims are barred under the parol evidence rule.

20.     The Plaintiff is not entitled to the relief sought in that a balancing of the equities does not favor the Plaintiff's claims.

21.     The Plaintiff's claims are barred because at all times the Defendants acted in good faith.

22.     Any and all actions taken by the Defendants were performed in accordance with federal and state law.

23.     The Plaintiff's claims, if any, should be set off against the Defendants' claims against the Plaintiffs.

## **COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 13, U.S. Bank brings the following counterclaims against the Plaintiff and state as follows:

## **FACTUAL ALLEGATONS**

1.      On January 16, 2007, the Plaintiff executed and delivered a promissory note in favor of WAMU in the amount of $1,000,000.00 ("Taslis Note").[1]

2.      As security for the debt evidenced by the Taslis Note, the Plaintiff gave a Mortgage on the property located at 241 East Street, Lexington, MA 02420 (the "Property") to WAMU, dated January 16, 2007, and recorded with the Middlesex County (Southern

---

[1] *See* Exhibit A (a true and correct copy of the Taslis Note is attached hereto and incorporated herein).

District) Registry of Deeds in Book 48872, Page 207 ("Taslis Mortgage").[2]

3.       The Taslis Mortgage was assigned from JPMorgan Chase Bank, National Association, as

purchaser of loans and other assets of Washington Mutual Bank f/k/a Washington Mutual

Bank, FA to Bank of America, National Association as successor by merger to LaSalle

Bank NA as trustee for WAMU Mortgage Pass-Through Certificates Series 2007-OA2

Trust ("Bank of America") by virtue of an Assignment of Mortgage dated February 13,

2009, and recorded with the Middlesex County (Southern District) Registry of Deeds in

Book 52391, Page 342 ("Bank of America Assignment").[3]

4.       On May 12, 2009, the Plaintiff filed a Petition for Relief under Chapter 11 of the United

States Bankruptcy Code.[4]

5.       On May 1, 2010, the Plaintiff's Chapter 11 Bankruptcy Petition was converted to a

Petition under Chapter 7 of the United States Bankruptcy Code.[5]

6.       On August 11, 2011, the Plaintiff obtained a discharge in her Chapter 7 Bankruptcy.[6]

7.       The terms of the Taslis Mortgage Loan were modified by virtue of a Loan Modification

Agreement effective as of October 1, 2011, and recorded with the Middlesex County

(Southern District) Registry of Deeds in Book 57787, Page 475.[7]

8.       The Plaintiff defaulted under the terms of the modified Taslis Mortgage Loan Contract as

a result of her failure to make the March 1, 2019, payment and all subsequent payments

due thereunder.

9.       To avoid any dispute as to the effect of the Bank of America Assignment and the chain of

---

[2] See Exhibit B (a true and correct copy of the Taslis Mortgage is attached hereto and incorporated herein).
[3] See Exhibit C (a true and correct copy of the BOA Assignment is attached hereto and incorporated herein).
[4] See Exhibit D (a true and correct copy of the Docket Report for Petition no. 09-41856 is attached hereto and incorporated herein).
[5] See Exhibit D.
[6] See Exhibit D.
[7] See Exhibit E (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

title to the Taslis Mortgage, on April 26, 2019, the FDIC acting as Receiver for WAMU, executed an Assignment of the Taslis Mortgage to JPMorgan Chase Bank, National Association ("Chase"), which was subsequently recorded with the Middlesex County (Southern District) Registry of Deeds in Book 72574, Page 391 ("Chase Assignment").[8]

10. Chase further assigned the Taslis Mortgage to U.S. Bank by virtue of an Assignment of Mortgage dated April 26, 2019, and recorded with the Middlesex County (Southern District) Registry of Deeds in Book 72574, Page 392 ("U.S. Bank Assignment").[9]

11. To further clarify the chain of title to the Taslis Mortgage, on July 7, 2020, Bank of America executed a further Assignment of the Taslis Mortgage to U.S. Bank, which was recorded with the Middlesex County (Southern District) Registry of Deeds in Book 75226, Page 15, to the extent that such an Assignment was necessary to clarify the effect of the Bank of America Assignment and confirm U.S. Bank's status as the record holder of the Taslis Mortgage ("Confirmatory U.S. Bank Assignment").[10]

12. As a result of her default, on August 1, 2019, Select Portfolio Servicing, Inc. ("SPS"), the servicer of the Taslis Mortgage Loan, sent the Plaintiff a 90-day Notice of Right to Cure Your Mortgage Default and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A & 35B, as well as the applicable terms of the Taslis Mortgage Loan Contract.[11]

13. The Plaintiff failed to cure her default on or before the November 16, 2019, deadline set forth in the Notice of Right to Cure.

---

[8] *See* Exhibit F (a true and correct copy of the Chase Assignment is attached hereto and incorporated herein).
[9] *See* Exhibit G (a true and correct copy of the U.S. Bank Assignment is attached hereto and incorporated herein).
[10] *See* Exhibit H (a true and correct copy of the Confirmatory U.S. Bank Assignment is attached hereto and incorporated herein).
[11] *See* Exhibit I (a true and correct copy of the 90-day Notice of Right to Cure and Notice of Right to Pursue a Modified Mortgage Loan is attached hereto and incorporated herein).

14.      On January 11, 2023, SPS executed a Certification Pursuant to 209 CMR 18.24(2)(c) indicating that U.S. Bank is the holder and owner of the Taslis Note ("Noteholder Certification").[12]

15.      On February 1, 2023, SPS caused an Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C to be recorded with the Middlesex (Southern District) County Registry of Deeds in Book 81217, Page 111 ("Pre-Foreclosure Noteholder Affidavit").[13]

16.      A foreclosure sale of the Property was scheduled for March 22, 2023.[14]

17.      Pursuant to G.L. c. 244, § 14, U.S. Bank caused a Notice of Mortgagee's Sale of Real Estate to be published in The Lexington Minuteman for three consecutive weeks on February 23, 2023, March 2, 2023, and March 9, 2023.[15]

18.      Pursuant to G.L. c. 244, §§ 14 & 17B, on February 22, 2023, U.S. Bank caused the Plaintiff to be mailed a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure, as well copies of the Notice of Sale and Noteholder Certification ("Section 14 & 17B Letters").[16]

19.      On February 22, 2023, the Plaintiff commenced the instant action by filing her Complaint in the Middlesex Superior Court.

20.      The foreclosure sale of the Property was postponed by public proclamation from March 23, 2023, to May 25, 2022 as a result of the Plaintiff's Complaint.

21.      On March 6, 2022, U.S. Bank removed the matter to this Court.

---

[12] *See* Exhibit J (a true and correct copy of the Noteholder Certification is attached hereto and incorporated herein).
[13] *See* Exhibit K (a true and correct copy of the Pre-Foreclosure Noteholder Affidavit is attached hereto and incorporated herein).
[14] *See* Exhibit L (a true and correct copy of the Notice of Mortgagee's Sale of Real Estate is attached hereto and incorporated herein).
[15] *See* Exhibit L.
[16] *See* Exhibit M (true and correct copies of the Section 14 & 17B Letters are attached hereto and incorporated herein).

## COUNT I
## <u>DECLARATORY JUDGMENT</u>

22.    U.S. Bank repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23.    As set forth *supra*, U.S. Bank has established that it has standing to foreclose and that it has satisfied the statutory and contractual prerequisites necessary to affect a valid foreclosure sale of the Property.

24.    U.S. Bank is the holder and owner of the Taslis Note.[17]

25.    U.S. Bank is the true and lawful assignee of record of the Taslis Mortgage.[18]

26.    The Plaintiff defaulted under the terms of the modified Taslis Mortgage Loan Contract as a result of her failure to make the March 1, 2019, payment and all subsequent payments due thereunder.

27.    As a result of her default, on August 1, 2019, SPS, the servicer of the Taslis Mortgage Loan, sent the Plaintiff a 90-day Notice of Right to Cure Your Mortgage Default and a Notice of Right to Request a Modified Mortgage Loan pursuant to G.L. c. 244, §§ 35A & 35B, as well as the applicable terms of the Taslis Mortgage Loan Contract.[19]

28.    The Plaintiff failed to cure her default on or before the November 16, 2019, deadline set forth in the Notice of Right to Cure.

29.    On October 14, 2020, LendingHome executed a Certification Pursuant to Massachusetts 209 CMR 18.21A(2)(c) indicating that Christiana Trust is the owner of the Prospect Street Note.[20]

30.    On January 11, 2023, SPS executed a Certification Pursuant to 209 CMR 18.24(2)(c) indicating that U.S. Bank is the holder and owner of the Taslis Note ("Noteholder

---

[17] *See* Exhibits A, J and K.
[18] *See* Exhibits B, C, F, G and H.
[19] *See* Exhibit I.
[20] *See* Exhibit D.

Certification").[21]

31.    On February 1, 2023, SPS caused an Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C to be recorded with the Middlesex (Southern District) County Registry of Deeds in Book 81217, Page 111 ("Pre-Foreclosure Noteholder Affidavit").[22]

32.    A foreclosure sale of the Property was scheduled for March 22, 2023.[23]

33.    Pursuant to G.L. c. 244, § 14, U.S. Bank caused a Notice of Mortgagee's Sale of Real Estate to be published in The Lexington Minuteman for three consecutive weeks on February 23, 2023, March 2, 2023, and March 9, 2023.[24]

34.    Pursuant to G.L. c. 244, §§ 14 & 17B, on February 22, 2023, U.S. Bank caused the Plaintiff to be mailed a Notice of Intent to Foreclose Mortgage and Intent to Pursue Deficiency After Foreclosure, as well copies of the Notice of Sale and Noteholder Certification ("Section 14 & 17B Letters").[25]

35.    The foreclosure sale of the Property was postponed by public proclamation from March 23, 2023, to May 25, 2022, as a result of the Plaintiff's Complaint.

36.    Based on the foregoing, U.S. Bank has established that it has standing to foreclose and that has satisfied the necessary statutory and contractual prerequisites to affect a valid foreclosure sale of the Property.

37.    As such, U.S. Bank is entitled to a declaratory judgment that it has standing to foreclose the Taslis Mortgage Loan by sale of the Property.

---

[21] *See* Exhibit J (a true and correct copy of the Noteholder Certification is attached hereto and incorporated herein).
[22] *See* Exhibit K (a true and correct copy of the Pre-Foreclosure Noteholder Affidavit is attached hereto and incorporated herein).
[23] *See* Exhibit L (a true and correct copy of the Notice of Mortgagee's Sale of Real Estate is attached hereto and incorporated herein).
[24] *See* Exhibit L.
[25] *See* Exhibit M (true and correct copies of the Section 14 & 17B Letters are attached hereto and incorporated herein).

## COUNT II
## POSSESSION

38.    The Defendants repeat and re-allege paragraphs 1 through 37 as if fully set forth herein.

39.    All of the Plaintiff's right, title and interest in the Property will be terminated upon the foreclosure of the mortgage and execution of the Memorandum of Sale Contract at U.S. Bank's anticipated foreclosure sale.

40.    Accordingly, the Plaintiff's right to possession of the Property will be terminated upon U.S. Bank's lawful foreclosure of the Taslis Mortgage Loan.

41.    As such, U.S. Bank will be entitled to a Judgment for Possession of the Property upon the completion of its foreclosure sale.

WHEREFORE the Defendants respectfully requests the Court:

(i)    Enter Judgment in favor of U.S. Bank on the Plaintiff's claims;

(ii)    Enter Judgment declaring that U.S. Bank has standing to foreclose and has satisfied the necessary prerequisites to affect a valid foreclosure sale of the Property;

(iii)    Enter a Judgment for Possession of the Property in favor of U.S. Bank; and

(iv)    Such other and further relief as the Court deems appropriate and just.

Respectfully Submitted,
U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, N.A., Successor in Interest by Merger to Lasalle Bank, N.A., as Trustee for WAMU Pass Through Certificates, Series 2007-OA4
By their attorneys,

Dated: April 7, 2023

/s/ Brian C. Linehan
Brian C. Linehan, Esq. (BBO #690437)
Reneau J. Longoria, Esq. (BBO #635118)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 303C

Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com

**CERTIFICATE OF SERVICE**

I, Brian C. Linehan, Esq., hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and via electronic mail on April 7, 2023.

/s/ Brian C. Linehan__
Brian C. Linehan, Esq.